**FILED**
**Jun 27, 2019**
**11:25 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **DIANNE MOORE,** | ) | **Docket No. 2018-06-1503** |
| **Employee,** | ) | |
| **v.** | ) | |
| **BEACON TRANSPORT, LLC,** | ) | **State File No. 18493-2018** |
| **Employer,** | ) | |
| **And,** | ) | |
| **ACCIDENT FUND INS. CO.** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING RELIEF

The Court convened an expedited hearing on June 19, 2019, to consider whether Beacon Transport, LLC must provide Ms. Moore additional medical treatment and additional temporary disability benefits for an alleged workplace injury. Beacon denied her claim and argued no further benefits are due because her disability and need for treatment did not result from work. The Court agrees and denies Ms. Moore's claim for temporary disability and medical benefits.

## Claim History

Ms. Moore worked for Beacon as a truck driver. On March 11, 2018, she arrived in Ardmore, Oklahoma, to drop off an empty trailer and retrieve a load of goods.

When Ms. Moore arrived at the customer's warehouse and parked her truck, an adjacent trailer was parked too close, which inhibited her ability to disconnect her empty trailer from the truck cab. The lack of space between the trailer and her truck required Ms. Moore to crawl underneath her trailer to release the "landing gear" and disconnect. While lying on her back, she attached a large crank handle to the landing gear release mechanism and gave two sharp tugs. On the second tug, she felt immediate pain in her back followed by a numbness that gradually spread from her chest down to her bilateral lower extremities.

In need of help, Ms. Moore looked around the parking lot but saw no one. Because she left her cell phone in the truck cab, Ms. Moore crawled from beneath the

trailer until she reached the cab.  Sometime during the crawl, her bladder released.

After reaching the cab and crawling inside, Ms. Moore first called Beacon to report her injury and ask about getting medical assistance.  She then called 911 and went to the hospital, via ambulance, where doctors diagnosed her with bilateral sciatica.

A couple of days later, Ms. Moore saw Dr. Bridger Cox, a neurosurgeon in Oklahoma City.  Dr. Cox ordered MRIs of her cervical, thoracic, and lumbar spine.  Upon reviewing the results, he determined she suffered from degenerative conditions at multiple levels of her spine but found no acute disc herniation or fractures to explain her sudden onset of symptoms.  He also found no significant stenosis or compression.  The thoracic MRI report, however, mentioned "non-specific" "signal intensity" at T5-6 of "uncertain etiology" that could indicate "demyelinating disease."  Dr. Cox released Ms. Moore to return to Tennessee but suggested she "follow-up with her primary care physician and potentially a neurologist once she return[ed] to Tennessee."

After returning to Tennessee in late March, Ms. Moore continued to have problems with bilateral numbness, bladder incontinence, and constipation.  Beacon offered her a panel of physicians, and she chose Dr. Richard Rubinowicz on March 19, 2018.[1]  However, according to Ms. Moore, the nurse case manager told her Dr. Rubinowicz had no appointments available until May, so she asked to see Dr. Stephen Graham.[2]  When Dr. Graham also could not see her soon enough, she selected Dr. Garrison Strickland.

At her appointment, Dr. Strickland reviewed Ms. Moore's MRI films and determined her condition was unrelated to work.  Instead he determined her symptoms likely resulted from transverse myelitis.  He suggested Ms. Moore follow up with her primary care physician.  Beacon then denied her claim.

After her visit with Dr. Strickland, Ms. Moore saw Dr. Darian Reddick.  Dr. Reddick ordered another MRI.  After reviewing the results, he saw "clear evidence of idiopathic transverse myelitis."

## Findings of Fact and Conclusions of Law

At this expedited hearing, Ms. Moore's claim for temporary disability and medical benefits turns on the medical proof.  To prevail, she must show she would likely prevail at a hearing on the merits on every element of her claim, including medical causation.

---

[1] Exhibits 6 and 18 are Choice of Physician Forms where Ms. Moore chose Dr. Rubinowicz.  The first is dated March 19, the second March 20.

[2] The nurse case manager's report showed Dr. Rubinowicz had an appointment available at a satellite office the week after Ms. Moore chose him.

*See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds Ms. Moore failed to carry her burden, as all the medical proof shows her condition did not result from the workplace incident.

With the exception of conditions whose cause is open or obvious, the Workers' Compensation Law applies only to those conditions shown to a "reasonable degree of medical certainty" to have arisen "primarily out of and in the course and scope of employment." Tenn. Code Ann. §50-6-102(14)(A). The cause of Ms. Moore's condition is neither open nor obvious, so an expert medical opinion linking the symptoms to the workplace accident is indispensable to the success of her claim. Unfortunately, every doctor who assessed her found no link between her symptoms and the workplace incident. Dr. Cox determined Ms. Moore's symptoms resulted from "uncertain etiology." Dr. Strickland found her symptoms likely resulted from transverse myelitis, not a workplace injury. Finally, Dr. Reddick found "clear evidence of idiopathic transverse myelitis."

Despite the medical evidence, Ms. Moore continues to suffer from her symptoms and asked the Court to reach a different conclusion on the cause. Judges, however, are not well-suited to make independent medical determinations without expert medical testimony. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8. Similarly, the parties cannot rely solely on their own medical interpretations to successfully support their arguments. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018). Consequently, the Court must deny Ms. Moore's request. This denial does not prevent Ms. Moore from collecting expert medical proof showing a causal relationship between her condition and her work, if any is available, and continuing to pursue her claim

It is **ORDERED** as follows:

1. Ms. Moore's requested relief is denied at this time.

2. This matter is set for a status conference on **Monday, August 26, 2019, at 9:30 a.m. (CDT). You must call 615-741-2113 to participate in the Hearing. Failure to call may result in a determination of issues without your participation.**

**ENTERED JUNE 27, 2019.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

# APPENDIX

**Exhibits:**

1. Medical records
2. Ms. Moore's affidavit
3. The First Report of Injury
4. Ms. Moore's written statement
5. A March 28, 2018 email from Greg Hurd
6. Employee's Choice of Physician form
7. Notice of Denial
8. Termination Letter dated April 25, 2018
9. Claims Payment Report
10. OSHA Reporting Documents
11. Photo
12. 911 Transcript
13. 911 audio recording
14. MRI Film
15. Flying J Receipt
16. Photos of receipts
17. MRI Film (thoracic and cervical)
18. Choice of Physician Form dated March 20, 2018
19. Choice of Physician Form dated March 21, 2018
20. Additional medical records
21. MRI Films – Premiere Radiology
22. Note from Dr. Cox dated March 15, 2018
23. Text message sent by Ms. Moore

**Technical Record:**

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to these recipients as indicated on June 27, 2019.

| Name | Standard Mail | Via Fax | Via Email | Addresses |
|------|------|------|------|------|
| Dianne Moore, Employee | | | X | melow_d2000@yahoo.com |
| Cole Stinson, Employer's Attorney | | | X | cole.stinson@accidentfund.com |

_____
Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ | per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ | per month |
| Water | $ _____ per month | | Clothing | $ _____ | per month |
| Gas | $ _____ per month | | Child Care | $ _____ | per month |
| Transportation | $ _____ per month | | Child Support | $ _____ | per month |
| Car | $ _____ per month | | | | |
| Other | $ _____ per month (describe: _____ ) | | | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) | _____ |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) | _____ |
| Other | $ _____ | Describe: | _____ |

11. My debts are:

Amount Owed             To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**


_____

APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)             RDA 11082